CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/2/2022
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

**EMILE VALENTIN DAVIS,**
44 Front Street
Philipsburg, St. Maarten
    Petitioner,
v.

**MOLISSA RENE LAKE,**
2632 Old Forest Rd.
Lynchburg, VA 24501
    Respondent.

Civil Action No. 6:22CV00050

# VERIFIED PETITION FOR RETURN OF THE CHILD TO ANGUILLA AND REQUEST FOR ISSUANCE OF SHOW CAUSE ORDER

The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 *et seq*. (ICARA)

## Introduction

Parties, Emile Valentin Davis and Molissa Renee Davis, are the divorced parents of minor children, Ahrianna Valissa Daniella Davis and Valentin Emil Ahmari Davis. Petitioner, upon facts presented herein, alleges that Respondent illegally absconded with the parties' minor children in contravention of both domestic and international law. Petitioner prays that this Court order the return of the minor children to his care in Anguilla.

## Jurisdiction

This Court has personal and subject matter jurisdiction to adjudicate this matter. Upon the best knowledge of the Petitioner, the Respondent and minor children are currently residing in Lynchburg, Virginia. Pursuant to ICARA, the

Doc ID: 6340644e08353276490b109c8f5ad53b1bf7042382

United States carries concurrent original jurisdiction over claims made under the Hague Convention. The facts alleged herein establish the physical location of the parties as well as the request for relief pursuant to the Hague Convention.

### Facts

1. Petitioner and Respondent were married in January 2008.

2. Petitioner and Respondent have two minor children between them, Ahrianna Valissa Daniella Davis, born January 29, 2011, and Valentin Emil Ahmari Davis, born December 30, 2012.[1]

3. Petitioner and Respondent divorced from one another on May 18, 2016, pursuant to a Decree entered by the Anguillan High Court of Justice.[2]

4. The Court further established custody and visitation of the minor children between the Parties. The Court ordered joint custody of the minor children. The Court awarded primary care and control of the minor children to Molissa Renee Davis (Respondent in the present matter). The Court ordered visitation to Emile Valentin Davis (Petitioner in the present matter). Specifically, Petitioner was awarded weekend visitation once a month and alternating holidays. Upon exchange of the children, the Decree mandated that the Parties exchange the minor children's travel documentation, including passports.[3]

---

[1] See Exhibits A and B, children's birth certificates, initially submitted as blank pages to be supplemented as directed by the Court upon consideration of a forthcoming motion to seal Exhibits.
[2] See Exhibit C, divorce decree, initially submitted as a blank page to be supplemented as directed by the Court upon consideration of a forthcoming motion to seal Exhibits.
[3] See Exhibit D, custody order, initially submitted as a blank page to be supplemented as directed by the Court upon consideration of a forthcoming motion to seal Exhibits

5. The minor children, though born in Sint Martin, resided permanently in Anguilla. The Respondent maintained a home where the children resided when not engaged in visitation with Petitioner.

6. The minor children were enrolled in Omololu School in Anguilla with an anticipated start date of September 6, 2021. The minor children did not appear at the Omololu School on that date or any other.

7. On September 10, 2021, without notification to Petitioner, Respondent traveled to the United States, specifically Virginia, with the minor children.

8. On September 16, 2021, Respondent called Petitioner revealing that she and the minor children relocated to Virginia.

9. Since their removal, the minor children have had restricted access to communication with Petitioner. Despite Petitioner's pleas for the return of the minor children, Respondent has only indicated that she and the minor children will remain in Virginia for an indefinite period of time.

10. On March 14, 2022, upon review on the facts relayed above, the Anguillan High Court of Justice entered an Order declaring the removal of the Parties' minor children from Anguilla as wrongful pursuant to Anguillan and international law.[4]

11. On May 3, 2022, Petitioner applied for relief through the United States Department of State. Specifically, Petitioner requested the return of the minor

---

[4] See Exhibit E, initially submitted as a blank page to be supplemented as directed by the Court upon consideration of a forthcoming motion to seal Exhibits.

children according to application of the Hague Convention on the Civil Aspects of International Child Abduction.[5]

12. On May 3, 2022, Petitioner also applied for assistance through the United States Department of State Hague Convention Attorney Network.[6]

13. Through the United States Department of State Hague Convention Attorney Network, Petitioner connected with counsel, and now brings forward this matter before this Court.

**Count I- Wrongful Removal**

14. Petitioner restates and realleges the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

15. The Hague Convention requires the return of the minor children if the Petitioner successfully presents a *prima facie* case, absent the finding of an affirmative defense.[7] A *prima facie* case is established when: the minor children are under the age of sixteen; the petition for relief was filed within one year of wrongful removal; that the minor children's habitual residence is in a foreign country within the Convention; that removal breach custody rights; and that Petitioner would be exercising custody rights but for the wrongful removal.

---

[5] See Exhibit F, initially submitted as a blank page to be supplemented as directed by the Court upon consideration of a forthcoming motion to seal Exhibits.
[6] Id.
[7] The Hague Convention.

16. ICARA codifies the Hague Convention on the Civil Aspects of International Child Abduction into United States Federal law and empowers US Courts to enact a broad range of remedies to address wrongful child removal.

17. The minor children are ages 11 and 9; both are under the age of 16.

18. To the best of the Petitioner's knowledge, the minor children were removed on September 10, 2021. This petition has been filed within one year of the removal, regardless of the test used to determine the time or wrongful removal or the time of filing.

19. The minor children have habitual residence in Anguilla. Prior to September 10, 2021, the minor children resided exclusively in Anguilla.

20. Further, until Petitioner's application for assistance through the United States Department of State, the minor children's whereabouts have been exclusively adjudicated by Anguillan law.

21. The Parties, by entrance of the May 18, 2016, Anguillan Decree of Divorce, have established legal and physical custody rights.

22. When Respondent kept the minor children from Petitioner's next ordered visitation following the removal, she breached Petitioner's custody rights.

23. Except when unable to exercise visitation due to COVID-19 international travel restrictions limiting global travel, including travel between Sint Maarten and Anguilla, Defendant regularly exercised his visitation rights.

24. In fact, Respondent even quarantined on the island of Sint Martin for 14 days so as to be able to visit his daughter for her 10th birthday, in accordance with travel restrictions in place at that time.

## Relief Requested

**Show Cause**

25. Petitioner is separately filing a Request to Expedite Proceedings Pursuant to Hague Convention Law.

26. Petitioner requests that this Court issue a Show Cause Order forthwith as set forth below due to the expedited nature of this child abduction case and as set forth in his Request to Expedite pursuant to the Hague Convention, ICARA, and relevant Fourth Circuit authority.

27. Petitioner further requests that this Court issue a Show Cause Order to set an expedited hearing for the Parties to appear on the first available date on the Court's calendar to confirm that the children are physically located within this Court's jurisdiction and to schedule the evidentiary hearing and all other filing deadlines.

**Return of the Minor Children**

28. Petitioner requests, upon the presentment of relevant evidence by the Parties and upon the Court's satisfaction that the burdens of the Convention, ICARA, UCCJEA, and law of the Commonwealth have been met by Petitioner, this Court enter an Order providing for the same and expedited return of the minor children to their country of habitual residence.

## UCCJEA Jurisdiction

29. To the best of the Petitioner's knowledge, the minor children presently reside at 2632 Old Forest Road, Lynchburg, Virginia 24501. The minor children presumably commenced living at that address on September 10, 2021.

30. The minor children have lived at the following address for the past five years: Rey Hill, Anguilla. B. W. I.

31. All records of previous litigation and court proceedings regarding the custody and visitation of the minor children will be submitted upon the Court's disposition of a forthcoming motion to seal Exhibits.

32. Petitioner does not have knowledge of any other proceedings that could affect this proceeding pending in any other court of this or any other State or Foreign Country.

33. Petitioner does not know of any other person who is not already named as party in this proceeding who has physical custody of these minor children or who claims to have custody or visitation rights with respect to the minor children.

34. Petitioner understands that he has an obligation to promptly inform this Court if he later becomes aware of any other proceedings, including but not limited to custody, visitation, paternity, support, enforcement proceedings, proceedings related to domestic violence, protective orders, abuse and neglect, termination of parental rights and adoptions, either in this or any State or foreign country that could affect the current proceeding.

35. Pursuant to ICARA § 9003(c), Respondent will be given notice of any hearings in accordance with Virginia's UCCJEA.

## Certification

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 2, 2022

*E. Valentin Davis*
Emile Valentin Davis

Respectfully submitted,

Emile Valentin Davis

By: /s/ Devon Rood Slovensky
Devon Rood Slovensky

SLOVENSKY LAW PLLC
Counsel for Emile Valentin Davis
by *Devon Slovensky*
Devon Slovensky, VSB# 84459
Thomas Ashton, VSB# 70776
U.S. Mail Only:
9450 SW Gemini Dr #29952
Beaverton, Oregon 97008-7105 US
Physical/FedEx/UPS Address:
10 Church Ave. Suite 103
Roanoke, VA 24011
Phone: (540) 492-5297; Facsimile: (540) 707-9221
legal@slovenskylaw.com