CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

10/24/2022

LAURA A. AUSTIN, CLERK
BY:   s/ ARLENE LITTLE
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

|  |  |
|---|---|
| EMILE VALENTIN DAVIS, | CASE NO. 6:22-CV-00050 |
| *Petitioner*, | |
| v. | MEMORANDUM OPINION |
| MOLISSA RENE LAKE, | JUDGE NORMAN K. MOON |
| *Respondent.* | |

This matter is before the Court on Respondent's motion to dismiss for failure to state a claim, Dkt. 18. The motion addresses Petitioner's Petition for Return of the Children to Anguilla and Request for Issuance of Show Cause Order, Dkt. 1 ("Petition"), filed pursuant to the Convention on the Civil Aspects of International Child Abduction, T.I.A.S. No. 11670 (1986) (the "Hague Convention") and the International Child Abduction Remedies Act (the "ICARA"), 22 U.S.C. §§ 9001–11. Petitioner, who resides in Anguilla, seeks the return of his children, A.V.D.D., born 2011, and V.E.A.D., born 2012, whom he alleges have been wrongfully retained in the United States by their mother, Respondent. Because the Petition alleged facts sufficient to state a plausible claim to relief, Respondent's motion to dismiss will be denied.

## I.    Background

The following facts are alleged in the Petition and assumed true for purposes of resolving this motion. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating standard of review under Rule 12(b)(6)). Courts apply the Rule 12(b)(6) standard in resolving motions to dismiss brought under the ICARA and the Hague Convention. *Rodriguez Palomo v. Howard*, 426 F.

Supp. 3d 160, 177 (M.D.N.C. 2019).

Petitioner and Respondent are the divorced parents of minor children, A.V.D.D., born 2011, and V.E.A.D., born 2012. Petition ¶¶ 1–3. The Parties divorced in 2016. *Id.* ¶ 3; Dkt. 7, Ex. 2. The Anguillan High Court of Justice ordered joint custody of the minor children. Petition ¶ 4; Dkt. 7, Ex. 3 ¶ 1. Respondent received primary care and control. Petition ¶ 4; Dkt. 7, Ex. 3 ¶ 2. The Court awarded Petitioner weekend visitation once a month and alternating holidays. Petition ¶ 4; Dkt. 7, Ex. 3 ¶¶ 6–7. The Court's Decree establishing custody and visitation also mandated that the Parties exchange the children's travel documentation. Petition ¶ 4; Dkt. 7, Ex. 3 ¶ 9.

The minor children were born in Saint Martin and resided permanently in Anguilla. *Id.* ¶ 5. Respondent maintained a home where the children resided when not visiting Petitioner. *Id.* The children were enrolled in Omololu School in Anguilla, and their anticipated start date was September 6, 2021. *Id.* ¶ 6. The minor children never appeared at the school. *Id.*

On September 10, 2021, allegedly without notification to Petitioner, Respondent traveled with the minor children to Virginia. *Id.* ¶ 7. On September 16, 2021, Respondent informed Petitioner that she and the children relocated to Virginia. *Id.* ¶ 8. The minor children have since had restricted access to communication with Petitioner. *Id.* ¶ 9. Petitioner alleges that he pleaded for the minor children to be returned. *Id.* But Respondent indicated she and the children would remain in Virginia for an indefinite time span. *Id.*

The Anguillan High Court of Justice entered an Order on March 14, 2022, declaring the removal of the minor children from Anguilla was wrongful under Anguillan and international law. *Id.* ¶ 10; Dkt. 7, Ex. 4 at 6. Petitioner applied for relief through the United States Department of State on May 3, 2022, requesting that the children be returned according to the Hague Convention. Petition ¶ 11; Dkt. 7, Ex. 5. On the same date, Petitioner also applied for

assistance through the United States Department of State Hague Convention Attorney network, through which he connected with counsel and now brings this matter before this Court. Petition ¶¶ 12–13; Dkt. 7, Ex. 5. He brings a wrongful removal claim and seeks the minor children's return. Petition at 4–6.

## II.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint, or in this case a petition, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see, e.g.*, *Rodriguez Palomo*, 426 F. Supp. 3d at 177 (applying this standard to a Hague Convention/ICARA petition). The purpose of a Rule 12(b)(6) motion is to "test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King*, 825 F.3d at 214 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). "Thus, when considering a motion to dismiss, a court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the [petitioner]." *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 616 (4th Cir. 2020). Nevertheless, only facts can render a claim for relief plausible. "[F]ormulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor is it sufficient for a petitioner to plead facts merely consistent with liability. The petitioner must plead enough factual content to nudge a claim across the border from mere possibility to plausibility. *Id*. at 570. *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

## III.    Analysis

To survive a motion to dismiss, a petition based in the Hague Convention and the ICARA must plausibly allege that the minor children were "wrongfully removed or retained within the meaning of the Convention." *Miller v. Miller*, 240 F.3d 392, 398 (4th Cir. 2001) (quoting 42 U.S.C. § 11603(e)(1)(A)); *see also id.* at 396 (discussing that the ICARA implements the Hague Convention). The petitioner ultimately must allege that: (1) the children habitually resided in Anguilla at the time Respondent removed them to the United States, (2) the removal violated the petitioner's custody rights under Anguilla law, and (3) the petitioner had been exercising his custodial rights at the time of removal. *Id.* (citing Hague Convention, art. 3, T.I.A.S. No. 11,670, at 2).

Though the Hague Convention does not define "habitual residence," the Fourth Circuit recognizes that "there is no real distinction between ordinary residence and habitual residence." *Miller*, 240 F.3d at 400 (quoting *Friedrich v. Friedrich*, 983 F.2d 1396, 1401 (6th Cir. 1993), citing also *Rydder v. Rydder*, 49 F.3d 369, 373 (8th Cir. 1995)). The Fourth Circuit has adopted the Sixth Circuit's reasoning that "[o]n its face, habitual residence pertains to customary residence prior to the removal." *Id.* (quoting *Friedrich*, 983 F.2d at 1401). Further, the Fourth Circuit recognizes that "a parent cannot create a new habitual residence by wrongfully removing and sequestering a child." *Id.* (citing *Diorinou v. Mezitis*, 237 F.3d 133, 141–42 (2d Cir. 2001)).

Petitioner alleges that the minor children resided permanently in Anguilla and Respondent maintained a home there, where the children resided when not with Petitioner. Petition ¶ 5. Further, they were enrolled in school in Anguilla, with an anticipated start date of September 26, 2021. *Id.* ¶ 6. These facts meet the *Twombly*, 550 U.S. at 570, standard by plausibly showing that minor children habitually resided in Anguilla.

Petitioner also alleges that the Anguillan High Court of Justice established custody and

visitation rights of the minor children between the Parties. Petition ¶ 4. The Court ordered joint custody. *Id.*; *see also* Dkt. 7, Ex. 3 ¶ 1. Respondent gained primary care and control of the minor children. Petition ¶ 4; *see also* Dkt. 7, Ex. 3 ¶ 2. Petitioner received weekend visitation once a month and alternating holidays. Petition ¶ 4; *see also* Dkt. 7, Ex. 3 ¶¶ 6–7. As Petitioner alleges that the minor children now reside in Virginia with Respondent, the facts alleged again meet the *Twombly*, 550 U.S. at 570, standard, plausibly showing that his visitation custody rights have been violated.

In the Fourth Circuit, courts should "liberally find 'exercise [of custody]' whenever a parent with *de jure* custody rights keeps, or seeks to keep, any sort of regular contact with his or her child." *Bader v. Kramer*, 484 F.3d 666, 671 (4th Cir. 2007) (quoting *Friedrich*, 78 F.3d at 1065) (also citing *Sealed Appellant v. Sealed Appellee*, 394 F.3d 338, 344 (5th Cir. 2004); *Baxter v. Baxter*, 423 F.3d 363, 370 (3d Cir. 2005)). This approach prompts that "a person [who] has valid custody rights to a child under the law of the country of the child's habitual residence . . . cannot fail to 'exercise' those custody rights under the Hague Convention short of acts that constitute clear and unequivocal abandonment of the child." *Id.* (quoting *Friedrich*, 78 F.3d at 1066). And "[o]nce [the court] determines the parent exercised custody rights in any manner, the court should stop—completely avoiding the question whether the parent exercised the custody rights well or badly." *Id.* (quoting *Friedrich*, 78 F.3d at 1066).

Petitioner alleges no facts that could constitute clear and unequivocal abandonment of the minor children at the time of their removal. To the contrary, Petitioner has pleaded facts that, taken as true, would establish that he was exercising his custodial rights in Anguilla. Petitioner alleges that "[t]he Respondent maintained a home where the children resided when not engaged in visitation with Petitioner," therein indicating that the children were, at times, engaged in

visitation with Petitioner. Petition ¶ 5. And Petitioner alleges that, since the children's removal, he has pleaded for their return. *Id.* ¶ 9.

As Petitioner has alleged facts sufficient to show that (1) the children habitually resided in Anguilla at the time Respondent removed them to the United States, (2) the removal violated Petitioner's custody rights under Anguilla law, and (3) Petitioner had been exercising his custodial rights at the time of removal, Respondent's motion to dismiss will be denied. Whether Petitioner will ultimately be able to demonstrate an entitlement to relief on the merits of these claims is a matter for future resolution following the bench trial and upon consideration of the evidence and testimony.

### V. Conclusion

As Petitioner's assertions "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,'" the motion to dismiss will be denied in an accompanying Order. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

* * * *

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this 24th day of October, 2022.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

– 6 –